UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| COOLMATH.COM, LLC,<br><br>                      Plaintiff,<br><br>-against-<br><br>EVERTAP LLC, COOL MATH GAMES FOR FUN, LLC, and RYAN WADE,<br><br>                      Defendants. | Civil Action No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Coolmath.com, LLC ("Plaintiff"), by its undersigned attorneys, for its Complaint against Defendants Evertap LLC, Cool Math Games For Fun, LLC, and Ryan Wade (collectively, "Defendants") alleges as follows:

### SUBSTANCE OF THE ACTION

1. Plaintiff has for many years used the trade name and registered mark COOLMATH (collectively, the "COOLMATH Mark") in connection with math and science educational computer games in the United States and around the world, including in connection with the websites *coolmath-games.com*, *coolmath.com*, and *coolmath4kids.com*. Plaintiff's websites are considered leading internet sites for math games and education, and Plaintiff itself is well-regarded among teachers, parents, and the general public as a reliable purveyor of age-appropriate and useful content.

2. This action arises out of Defendants' adoption of the COOL MATH GAMES FOR FUN mark as their business name and domain name in connection with their own math computer games. In adopting the confusingly similar COOL MATH GAMES FOR FUN mark

{F1544975.4 }

in connection with services identical to those offered by Plaintiff under the COOLMATH Mark, Defendants are attempting to co-opt for their own use both Plaintiff's well-known COOLMATH Mark and the goodwill associated therewith. By their conduct, Defendants are infringing the COOLMATH Mark. Not only is such conduct damaging Plaintiff and causing immediate and irreparable harm to Plaintiff, but it is also deceiving the relevant public.

3. To protect the goodwill that Plaintiff has established in its COOLMATH Mark, Plaintiff asserts claims for trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), use of a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and related claims under Florida law. Plaintiff seeks injunctive relief, an accounting of any profits of Defendants flowing from their use of the COOLMATH Mark, Plaintiff's damages, statutory damages of up to $100,000 per domain name for Defendants' acts of cybersquatting, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

4. Plaintiff Coolmath.com, LLC is a limited liability company organized under the laws of the state of California with a principal place of business at 200 Park Avenue South, Suite 1508, New York NY 10003.

5. On information and belief, Defendant Evertap LLC ("Evertap") is a limited liability company organized under the laws of the state of Florida with a principal place of business at 363 Pinellas Bayway S. #52, Saint Petersburg, Florida 33715.

6. On information and belief, Defendant Cool Math Games For Fun, LLC ("Cool Math Games For Fun") is a limited liability company organized under the laws of the state of

Florida with a principal place of business at 363 Pinellas Bayway S. #52, Saint Petersburg, Florida 33715 and operates as a division of Defendant Evertap.

7. Upon information and belief, Defendant Ryan Wade ("Wade"), the president and chief executive officer of Defendants Evertap and Cool Math Games For Fun, is an individual with a place of business at 363 Pinellas Bayway S. #52, Saint Petersburg, Florida 33715. Upon information and belief, Wade personally runs, operates, and exercises control over Defendants Evertap and Cool Math Games For Fun and directed and participated in and continues to direct, participate in and financially benefit from each of Defendants Evertap and Cool Math Games For Fun's wrongful acts complained of herein. (Evertap, Cool Math Games For Fun and Wade are sometimes each referred to herein as a "Defendant" and collectively as "Defendants.")

## JURISDICTION AND VENUE

8. This action arises under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and applicable state and common law. The Court has original jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§1331, 1338(a) and (b). The Court has supplemental jurisdiction over Plaintiff's state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

9. Venue is proper pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events giving rise to the claim, including, but not limited to, Defendants' operating a business, marketing, promoting, and advertising online math games in violation of Plaintiff's exclusive rights in the COOLMATH Mark, occurred in this judicial district and in that Defendants are subject to personal jurisdiction in this State and are therefore deemed to reside in the State.

{F1544975.4}

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiff and Its COOLMATH Mark</u>

10. Plaintiff is the owner of all rights in the COOLMATH Mark as well as numerous COOLMATH-inclusive marks.

11. Since at least as early as 1997, Plaintiff has continuously used the COOLMATH Mark to identify its math and science game and education websites.

12. Plaintiff's websites operating under the COOLMATH Mark now include *coolmath.com*, featuring games at levels of pre-algebra and up, *coolmath4kids.com*, with lessons and games for children, and *coolmath-games.com*, a site focusing on math and science-oriented logic, strategy and memory games and brain training for people of all ages.

13. Plaintiff's profile has risen dramatically since it was founded and, since 1998, Plaintiff's websites have been considered leading internet sites for math games and education.

14. Plaintiff takes great pains to ensure that every game on its sites has educational value, with age-appropriate content and skills to be gained for the user. Based in part on the care Plaintiff has taken with its services, Plaintiff's websites are well-regarded by teachers and parents and are approved for use in schools across the nation.

15. Plaintiff's services offered under the COOLMATH Mark have received numerous accolades from the education press. By way of example, *coolmath.com* was selected as Education Planet's top math site for the week of July 12, 1999 and was selected as the BBC pick of the week for the week of March 22, 1999.

16. Plaintiff's websites have become enormously popular among the general public. Plaintiff's website *coolmath-games.com* alone had 649 million visits between October 2013 and September 2014 and has received 3.36 billion page views.

17. As a consequence of Plaintiff's extensive and continuous use of the COOLMATH Mark, the COOLMATH Mark enjoys considerable goodwill in the United States and elsewhere, identifies and distinguishes Plaintiff's services from those of others, and has become a valuable asset of Plaintiff.

18. In addition to the common law rights built up in the COOLMATH Mark through nearly two decades of use, COOLMATH has been registered in the United States for use in connection with "Computer services, namely, providing on-line website in the field of mathematics and science education; entertainment services, namely, providing on-line computer games in the field of mathematics and science [e]ducation" in International Class 41. This trademark registration, U.S. Registration No. 3,404,699, is attached hereto as Exhibit A. This registration is valid, subsisting and in full force and effect.

19. Pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b), U.S. Registration No. 3,404,699 serves as *prima facie* evidence of the validity of the registered COOLMATH mark, of Plaintiff's ownership of the registered mark, and of Plaintiff's exclusive right to use the registered mark in connection with the goods and services identified in the registration. Further, U.S. Registration No. 3,404,699 has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and therefore serves as conclusive evidence of the validity of the registered mark, of the registration of the mark, and of Plaintiff's exclusive right to use the mark in commerce on or in connection with the goods and services for which the mark is registered.

B. Defendants' Unlawful Conduct

20. On information and belief, on or about April 23, 2014, Defendant Wade registered the *coolmathgamesforfun.com* domain name.

21. Upon information and belief, in conjunction with registering the *coolmathgamesforfun.com* domain name, Defendants Wade and Evertap formed a new limited liability company, Defendant Cool Math Games For Fun, a division of Defendant Evertap, with the mission of offering online math games.

22. Upon information and belief, shortly after registering the *coolmathgamesforfun.com* domain name, Defendants launched a website at *coolmathgamesforfun.com* offering online math-related games under the mark COOL MATH GAMES FOR FUN (the "Infringing Mark") aimed at students identical and/or closely related to those games offered by Plaintiff under its COOLMATH Mark.

23. Upon information and belief, at the same time or shortly thereafter, Defendants also began marketing math-related game applications under the Infringing Mark through the Apple iTunes Store under the trade name of Defendant Cool Math Games For Fun at *https://itunes.apple.com/us/artist/cool-math-games-for-fun-llc/id901982568*.

24. Defendants have never been associated or affiliated with Plaintiff in any way and Plaintiff has never authorized or otherwise licensed Defendants' use of the Infringing Mark in connection with the provision of online math games, the trade name of Defendant Cool Math Games For Fun, or any other products or services in the United States or elsewhere.

25. Defendants began using the Infringing Mark in connection with online math game services long after Plaintiff commenced its use of the COOLMATH Mark in connection with the same services.

26. On or about October 3, 2014, Plaintiff's counsel sent a letter to Defendant Wade concerning Defendants' unauthorized use of the Infringing Mark in violation of Plaintiff's rights

in the COOLMATH Mark, and requested that Defendants immediately cease their unlawful activities.

27. Notwithstanding the fact that Defendants are on actual notice of Plaintiff's exclusive rights in the COOLMATH Mark, Defendants have nevertheless continued to advertise and offer under the Infringing Mark online math games that are identical and/or closely related to those offered by Plaintiff under its COOLMATH Mark.

28. Upon information and belief, Defendants targets the online math games available at *coolmathgamesforfun.com* and through Defendants' Apple iTunes Store to the very consumers who are familiar with and who are consumers of Plaintiff's services under the COOLMATH Mark. Defendants promote their services as "a perfect mix of fun and education" and claim that their games "put your child's interest and attention into the equation" and "Help Kids Learn Math, Quick and Easy," which is the key to Plaintiff's services under the COOLMATH Mark.

29. Given the free nature of the parties' services, consumers of both parties' services are unlikely to exercise care in connection with the consumption of the parties' services under their respective marks, which heightens the likelihood that such consumers would be confused into believing that Plaintiff is associated with or approved Defendants' services under the Infringing Mark.

30. Upon information and belief, Defendants designed the *coolmathgamesforfun.com* website and Defendants' Apple iTunes website to deceive consumers into believing that the websites belong to Plaintiff and to illegitimately exploit the renown of the COOLMATH Mark by drawing users looking for legitimate COOLMATH services.

31. Upon information and belief, at all relevant times and in furtherance of their infringing activities, Defendants have willfully and intentionally used and continue to use the

Infringing Mark in connection with Defendants' online math games, which are closely related to the services provided by Plaintiff under the COOLMATH mark.

32. Upon information and belief, Defendants' use of the Infringing Mark is causing actual confusion in the marketplace, with consumers mistakenly assuming that Defendants and their services offered under the Infringing Mark are associated with or sponsored or approved by Plaintiff. Defendants' use of the Infringing Mark is likely to continue to cause confusion, as consumers will assume that Defendants' services are authorized by, endorsed by, associated with, or are otherwise connected with Plaintiff or its COOLMATH services.

33. Defendants' use of the Infringing Mark in connection with online math games and related goods and services is intentionally malicious, willful and wanton.

34. The use by Defendants of the Infringing Mark unfairly and unlawfully wrests from Plaintiff control over its COOLMATH Mark and reputation and is unjustly enriching Defendants.

35. Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless restrained by this Court.

36. Plaintiff has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1))

37. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 36 above as if fully set forth herein.

38. The Infringing Mark adopted and being used by Defendants is a close variation of Plaintiff's COOLMATH Mark so as to be considered identical or confusingly similar thereto.

{F1544975.4}

39. The services offered by Defendants under the Infringing Mark are identical and/or closely related to services offered by Plaintiff under its COOLMATH Mark and are offered to the same customers who consume or are familiar with services provided under Plaintiff's COOLMATH Mark.

40. Because Defendants have no affiliation with Plaintiff, Defendants' unauthorized use of the Infringing Mark in connection with online math games and related goods and services is likely to cause confusion, cause mistake, or deceive consumers as to the source, sponsorship or approval of Plaintiff's services and, specifically, to cause consumers to believe that Defendants' services are sponsored by, affiliated with, approved by or otherwise connected with Plaintiff when such is not the case.

41. Before adopting and commencing use of the Infringing Mark, Defendants were on constructive notice and, upon information and belief, were on actual notice of Plaintiff's exclusive rights in the COOLMATH Mark. Defendants' use of the Infringing Mark for services identical and/or closely related to those offered by Plaintiff under the COOLMATH Mark was therefore undertaken with full knowledge that Defendants have no right, license or authority to use the Infringing Mark or any mark that incorporates or is confusingly similar to the COOLMATH Mark. Defendants' use of the Infringing Mark is therefore in willful violation of Plaintiff's exclusive rights in the COOLMATH mark and in bad faith.

42. Defendants' acts constitute infringement of Plaintiff's federally registered COOLMATH Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court.

{F1544975.4 }

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

44.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 43 above as if fully set forth herein.

45.     Defendants' use of the Infringing Mark for services that are identical and/or closely related to those offered by Plaintiff under the COOLMATH Mark constitutes a false designation of origin and a false representation as to the origin of Defendants' services. Defendants' use of Defendants' Infringing Mark for online math games and related goods and services is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and services and is likely to create the false impression that the goods and services are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff. Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF
## CYBERSQUATTING
## (15 U.S.C. § 1125(d))

47.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 46 above as if fully set forth herein.

48.     Plaintiff's COOLMATH Mark was distinctive at the time of Defendants' registration of the *coolmathgamesforfun.com* domain name.

{F1544975.4 }

49. Without authorization from Plaintiff, Defendants have registered, trafficked in, and/or used the *coolmathgamesforfun.com* domain name, which is confusingly similar to Plaintiff's COOLMATH Mark.

50. Upon information and belief, Defendants had full knowledge of Plaintiff's prior rights in the COOLMATH Mark when they registered the *coolmathgamesforfun.com* domain name.

51. Defendants have registered, trafficked in, and/or used the *coolmathgamesforfun.com* domain name with the bad faith intent to profit from the COOLMATH Mark. Upon information and belief, the *coolmathgamesforfun.com* domain name has been used by Defendants with the bad faith intent to reap the benefit of the goodwill in the COOLMATH Mark, to divert consumers to the *coolmathgamesforfun.com* domain name for their own commercial gain, and to otherwise profit from unauthorized use of the COOLMATH Mark.

52. The aforesaid acts and conduct constitute cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

53. The unauthorized registration and use of the *coolmathgamesforfun.com* domain name is causing immediate and irreparable injury to Plaintiff and to the goodwill and reputation of Plaintiff's COOLMATH Mark, and will continue to damage Plaintiff and Plaintiff's COOLMATH Mark unless the Court enjoins such use and transfers registration of the *coolmathgamesforfun.com* domain name to Plaintiff.

{F1544975.4 }

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL ACTS AND PRACTICES
## (FLA. STAT. § 501.204)

54. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 53 above as if fully set forth herein.

55. Defendants' unauthorized use of the Infringing Mark has the capacity to deceive and is deceiving the public as to the source or sponsorship of Defendants' goods and services. The public is being and will continue to be damaged.

56. As a consequence, Defendants have been and are engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of their business, in violation of Section 501.204 of the Florida Deceptive and Unfair Trade Practices Act.

57. Defendants' conduct is willful and in knowing disregard of Plaintiff's rights.

58. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue both to damage Plaintiff and to deceive the public unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
## UNFAIR COMPETITION
## UNDER FLORIDA COMMON LAW

59. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 58 above as if fully set forth herein.

60. Defendants' operation of a business under the Infringing Mark is without Plaintiff's authorization.

61. Defendants' use of the Infringing Mark in connection with online math games and related goods and services is likely to confuse the public as to the origin, source or sponsorship

of Defendants' goods and services, or to cause mistake or to deceive the public into believing that Defendants' goods and services are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff, in violation of Plaintiff's rights in the COOLMATH Mark under the common law of the State of Florida.

62. By misappropriating and trading upon the goodwill and business reputation represented by the COOLMATH Mark, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Plaintiff's expense.

63. Defendants' use of trademarks and a trade name substantially similar to the COOLMATH Mark in connection with online math games – services identical and/or closely related to those provided by Plaintiff – constitutes unfair competition with Plaintiff in violation of the common law of Florida.

64. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and deceive the public unless permanently enjoined by this Court.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

(1) That a permanent injunction be issued enjoining Defendants, their officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them, from:

    (a) using the Infringing Mark on or in connection with the advertising, promotion, distribution, displaying, sale or offering for sale of online educational math games or in connection with any related goods or services;

(b)     using the COOLMATH Mark, or any mark that includes COOLMATH in whole or in part, or a phonetic equivalent or misspelling thereof, or any other simulation, reproduction, copy, colorable imitation or confusingly similar variation of the mark COOLMATH, in connection with the advertising, promotion, distribution, displaying, sale or offering for sale of any online math games or in connection with any related goods or services;

(c)     conducting any activities in the United States that relate to, refer to or concern the advertising, promotion, distribution, displaying, sale or offering for sale of online math games, or related goods or services, under the Infringing Mark or any mark or trade or business name that includes COOLMATH in whole or in part, or is a phonetic equivalent or misspelling thereof, or that is a simulation, reproduction, copy, colorable imitation or confusingly similar variation of the mark COOLMATH;

(d)     using any false designation of origin or false description or performing any act, which can, or is likely to, lead members of the trade or public to believe that any online math game or related good or service advertised, promoted, distributed, displayed, sold or offered for sale by Defendants is in any manner associated or connected with Plaintiff, or is authorized, licensed, sponsored or otherwise approved by Plaintiff;

(e)     engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the COOLMATH Mark;

(f)     applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry any mark consisting in whole

{F1544975.4 }

or in part of the word COOLMATH or consisting in whole or in part of any simulation, reproduction, copy or colorable imitation of the COOLMATH Mark, for online math games, or any related goods or services;

(g) incorporating under, doing business under or seeking to trade under any business name that includes the term "COOLMATH" in the United States;

(h) using any domain name or metatag that includes in whole or in part the term "COOLMATH" or any formative thereof in connection with a web site that advertises, promotes, markets, displays, sells or offers for sale or otherwise refers to online math games, or any related goods or services;

(i) owning, renting, purchasing or otherwise obtaining rights to any internet search term that includes in whole or in part the term "COOLMATH" or any formative thereof for purposes of directing internet traffic to any web site that advertises, promotes, displays or otherwise refers to online math games, or any related goods or services; and

(j) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (i) above.

(2) Directing that Defendants deliver up to Plaintiff's attorney for destruction all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials (a) currently in their possession or under their control, or (b) recalled by Defendants pursuant to any order of the Court or otherwise, incorporating, featuring or bearing the Infringing Mark or any other simulation, reproduction, copy or colorable imitation

{F1544975.4 }

of the COOLMATH Mark in connection with online math games, or related goods or services, and all plates, molds, matrices and other means of making the same.

(3) Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any good or service manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendants is in any manner authorized by Plaintiff or related in any way to Plaintiff.

(4) Directing that Defendants transfer or cause to be transferred the *coolmathgamesforfun.com* domain name to Plaintiff and execute all necessary documents to effectuate such transfer.

(5) Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

(6) Awarding to Plaintiff such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117.

(7) Awarding to Plaintiff all gains, profits, property and advantages derived by Defendants from their unlawful conduct.

(8) Awarding to Plaintiff exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

(9) Awarding to Plaintiff statutory damages of up to $100,000 for Defendants' act of cybersquatting, pursuant to 15 U.S.C. §1117(d).

(10) Awarding to Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) and Fla. Stat. § 501.2105.

{F1544975.4 }

(11)    Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums.

(12)    Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

### Jury Demand

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial on all issues which are so triable.

Dated: October 17, 2014
Tampa, Florida

Respectfully submitted,

MCINTYRE THANASIDES BRINGGOLD
 ELLIOTT GRIMALDI & GUITO, P.A.

By: _____

TJ Grimaldi
MCINTYRE THANASIDES BRINGGOLD
 ELLIOTT GRIMALDI & GUITO, P.A.
Florida Bar No.: 0020927
501 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
(813) 899-6059 (tel)
(813) 225-1221 (fax)
tj@mcintyrefirm.com

James D. Weinberger
Jennifer Insley-Pruitt
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
(212) 813-5900 (tel)
(212) 813-5901 (fax)
jweinberger@fzlz.com
jinsley-pruitt@fzlz.com

*Attorneys for Plaintiff*

{F1544975.4}